Who taught me first to litigate
My neighbor, and my brother hate,
And my own rights to overrate?
   My lawyer.

Who cleaned my bank account all out,
And brought my solvency in doubt,
Then turned me to the right-about?
   My lawyer.

### ANSWER.

Who lied to me about his case,
And said we'd have an easy race,
And did it all with solemn face?
   My client.

Who took my services for naught,
And did not pay me when he ought,
And boasted what a trick he'd wrought?
   My client.
     *[Albany Law Journal.]*

---

## LAUREL FORK R. R. Co., *vs.* W. VA. TRANS. Co.

### RIGHT OF STATE TO CONTROL RATES OF FARE AND FREIGHT OF RAILROAD COMPANIES.

*(Supreme Court of West Virginia).*

Railroad companies are common carriers, engaged in a public employment, affecting public interest, and are subject to legislative control, as to their rates of fare and freight, just as any natural person, who is a common carrier, is subject to such legislative control.

Railroad corporations, which devote their property to a use, in which the public has a direct interest, in effect grant to the public an interest in such use, and must to the extent of that interest, submit to be controlled by the public for the common good, as long as they maintain the use; but they may withdraw the grant by discontinuing the use. There is a marked difference between such corporations. as those spoken of in the last point, and purely private corporations. The former may be called *quasi* public corporations; and the legislature of the State has over their employment of their property so devoted to a use, in which the public has an interest, a control, which it does not have over the employment of property of a purely private corporation. The Legislature can generally exercise no control, which is forbidden by the charter of a purely private corporation.

Though a railroad corporation by its charter is given "the power to contract in reference to its business the same as private individuals," or is authorized "to demand and receive such sum or sums of money for the transportation of persons and property, and for the storage of property, as it deems reasonable," or though it is authorized to "carry freight and passengers, charging reasonable terms," or though by its charter it is authorized to charge a certain fixed rate, which is declared by its charter to be irreducible by the Legislature, and though no right to repeal, alter or amend the charter is reserved to the Legislature in the act granting such charter, still the Legislature has a right subsequently to establish by a general act a maximum rate of charges for the transportation of passengers and freight, and to make it applicable to railroad companies, who were, when the act was passed, operating their railroads under such previously granted charters.

Irrevocable grants of franchises to corporations, which impair the supreme authority of the State to make laws for the right government of the State, must be regarded as mere licenses, and not as contracts, which bind future legislatures, for no Legislature can give away or sell the discretion of subsequent legislatures in respect to matters, the government of which, from the very nature of things, must vary in varying circumstances.

The right to regulate and fix at their pleasure, the charges of railroad companies for transportation of freight and passengers is one of the powers of the State inherent in every sovereignty, to be exercised by the Legislature from time to time at its pleasure, and therefore one Legislature cannot by a charter granted to a railroad company, though it be for a valuable consideration, confer on such railroad company a right to charge certain fixed rates for the transportation of freight and passengers, and stipulate that this rate of charge shall not be changed by future Legislatures. If that be done, it will not be regarded as a contract, but in legal effect as nothing more than a license to enjoy this privilege conferred on the corporation for the time, subject to the future Legislative or Constitutional control.

Chapter 227 of the Acts of 1872-3, passed December 27, 1873, entitled "an act to establish a reasonable maximum rate of charges for the transportation of passengers and freight, and to prevent unjust discrimination and extortion in the rates to be charged by different railroads in this State for the transportation of passengers and freight on said railroads" is applicable to all railroads in this State, without regard to any provisions, which may have been inserted in their charters.   The Legislature had a constitutional right to pass this act, and no previous Legislature had a right to so restrain or limit this Legislature as to take

from it the right to fix the maximum rate of charges of all railroads in the State, as it pleased. And any provision in the charter of a railroad company, purporting to restrain the Legislature in this respect, cannot be regarded as a contract, but must be regarded as a mere license, revocable at the pleasure of the Legislature.

If in a special act of the Legislature of this State, chartering a company, and conferring on it specified privileges, exceeding those granted to other like corporations, by the general law of State, there be reserved a right to amend this act by a future Legislature, and the Legislature subsequently passes a general act applicable to all corporations of this character, whereby the specified privilege, while not withdrawn, is so modified as to render it far less valuable to the corporation, which had been chartered by this special act, this cannot be regarded as an exercise by the Legislature of the reserved right to amend any act, as it cannot properly be called an amendment of this special act ; for by our Constitution, Art. 6, §30, it is provided, that no law shall be amended by reference to its title only ; but the section amended shall be inserted at large in the new act." But such general act is not necessarily inoperative on such corporation, as it may or not be subjected to such law ; this depending upon whether or not the Legislature has' the constitutional power by a general act to control the corporation in this respect.—*Central Law Journal.*